NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D. E. BLANKENSHIP, Jr., | No. 12-15484 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00641-LRH-VPC |
| v. | |
| LEONARD VARE; NEVADA ATTORNEY GENERAL, | ORDER and AMENDED MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

**ORDER**

The memorandum disposition filed on December 2, 2015 is hereby amended and replaced by the amended disposition filed concurrently with this order. The amendments to the prior disposition are at page 3, lines 1-6. With these

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

amendments, Chief Judge Thomas, and Judges Ikuta and Hurwitz have voted to deny the petition for panel rehearing, and have also voted to deny the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petitions for panel rehearing and rehearing en banc are denied. No further petitions for panel rehearing or rehearing en banc will be entertained.

**MEMORANDUM**

Donald Blankenship, who was convicted in Nevada state court of sexually assaulting his daughter, appeals the district court's denial of 28 U.S.C. § 2254 habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

**1.** The conclusion of the Nevada Supreme Court that Blankenship "failed to show that there was a reasonable probability of a different result at trial" had testimony regarding certain prior bad acts not been elicited by defense counsel was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). The victim testified in detail as to each assault, and the case turned on her credibility. The testimony about prior bad acts was a minor portion of the evidence that the jury heard, and the state did not mention the bad acts in summation. Fairminded jurists could thus "disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal citations and quotation marks omitted).

**2.** The district court did not err in dismissing Blankenship's claims in his second amended habeas petition as time-barred because those claims did not relate back to his timely first amended petition, even construing them liberally, *see Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). We therefore decline to expand the certificate of appealability.

**AFFIRMED.**